**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Bober,<br><br>                    Plaintiff,<br>v.<br><br>Christopher Emmons #339, a Chandler Police Officer,<br><br>                    Defendant. | No. CV11-01232-PHX-DGC<br><br>**ORDER** |

      Defendant Christopher Emmons moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 29. The motion is fully briefed. Docs. 29, 30, 31, 32, 34. The parties have not requested oral argument. For the reasons that follow, the Court will grant the motion.

**I.     Background.**

      The following facts are undisputed. On February 28, 2010, Plaintiff Gary Bober drove to an In-N-Out Burger in Chandler, Arizona. Doc. 29, at 2. Earlier that day, Plaintiff had consumed a half pint of alcohol and had taken prescription medication. *Id.* Plaintiff drew attention to himself at the restaurant's drive through and, as a result, was investigated and arrested for driving under the influence of alcohol by a Chandler police officer. *Id.* During the investigation, Plaintiff was asked to perform standard field sobriety tests, including a walk and turn test. *Id.*

      Plaintiff was placed in handcuffs and transported to a Chandler police station in Defendant's police cruiser. *Id.* Defendant parked the vehicle at the rear of the police

station in front of the holding area door. *Id.* at 3. Defendant opened the rear passenger side door and asked Plaintiff to step out and walk to the holding area door. *Id.* Plaintiff either tripped or lost his balance and fell face forward. *Id.* Because Plaintiff was secured in handcuffs behind his back, he was unable to break his fall, causing him to strike his face and mouth on the sidewalk. *Id.*

After Plaintiff's fall, Defendant came immediately to his aid. *Id.* Defendant removed Plaintiff's handcuffs and called for medical attention. *Id.* Plaintiff was transported to a hospital emergency room for treatment. *Id.*

Plaintiff asserts two causes of action in his first amended complaint: negligence and 42 U.S.C. § 1983 deprivation of civil rights.

**II.    Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Discussion.**

Defendant argues that Plaintiff's state law claim is barred for failure to file a timely notice of claim and for failure to file the claim within the statute of limitations, and that Plaintiff fails to state a federal cause of action under § 1983. Doc. 29.

**A.   State Law Negligence Claim.**

**1.   Notice of Claim.**

The parties do not dispute that Arizona's notice of claim requirement applies to this case. The notice of claim statute provides that "[p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). Defendant argues that Plaintiff "has offered no evidence that he filed a notice of claim . . . within the 180 day period dictated by § 12-821.01." Doc. 29, at 4.

This case arises from events that occurred on February 28, 2010. Plaintiff has produced a declaration of service indicating that Defendant was served with a notice of claim on August 24, 2010, within the 180-day period. Doc. 32-1, at 62. In ruling on a motion for summary judgment, the evidence of the nonmoving party "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The Court will deny summary judgment on the state law negligence claim with respect to Defendant's notice of claim argument.

**2.   Statute of Limitations.**

Plaintiff's cause of action accrued when he fell on February 28, 2010. Arizona law requires that "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues[.]" A.R.S. § 12-821. Plaintiff filed his original complaint on March 3, 2011, which he concedes was "three days late." Doc. 31, at 8. Plaintiff argues that his state law claim is not barred because of the two-year statute of limitations under § 1983, because Defendant waived the defense by his subsequent conduct in this litigation, and because of excusable neglect.

Different statute of limitation periods apply, depending on whether the claim arises under state law or § 1983. Plaintiff correctly notes that Arizona courts apply a two-year statute of limitations to § 1983 claims. A.R.S. § 12-542; *TwoRivers v. Lewis*,

174 F.3d 987, 991 (9th Cir. 1999).  Section 1983, however, does not protect against violations of state law or state constitutional rights.  *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981).  The fact that Plaintiff may have filed a timely § 1983 federal claim does not prevent application of the one-year statute of limitations under A.R.S. § 12-821 to his negligence claim.  *See Manriquez v. City of Phoenix*, No. CV11-01981-PHX-DGC, 2012 WL 1985640 (D. Ariz. June 4, 2012) (applying different statutes of limitations to federal and state law claims); *Mulleneaux v. State*, 950 P.2d 1156 (Ariz. App. 1997) (same).

The statute of limitations is an affirmative defense, not a jurisdictional requirement that can be raised at any time.  *See* Fed. R. Civ. P. 8(c).  Generally, a defendant must plead his statute of limitations defense, or else it is waived.  *See, e.g.*, *United States Postal Serv. v. Am. Postal Workers Union*, 893 F.2d 1117, 1122 (9th Cir. 1990).  Plaintiff argues that Defendant has waived his statute of limitations defense by withdrawing his original motion to dismiss in state court and actively litigating this case for over a year without raising the defense a second time.  Doc. 31, at 8.  "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment. . . . Waiver by conduct must be established by evidence of acts inconsistent with an intent to assert that right."  *Jones v. Cochise Cnty.*, 187 P.3d 97, 104 (Ariz. App. 2008) (quoting *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 607 P.2d 372, 374 (Ariz. 1980)).  Defendant raised a statute of limitations defense to the negligence claim in his answer to the first amended complaint.  Doc. 4, at 7.  Defendant took a single deposition of Plaintiff for purposes of understanding Plaintiff's federal claims, and subsequently filed a motion for summary judgment on all claims because the Court limited each party to one dispositive motion.  *See* Doc. 34, at 3-4; Doc. 11, at 4.  Defendant has not acted in a manner inconsistent with his intent to assert a statute of limitations defense.

Plaintiff argues that his negligence claim should nonetheless proceed because its untimeliness is not due to Plaintiff's conduct, or alternatively, because its untimeliness is due to Plaintiff's excusable neglect.  Doc. 31, at 9.  Plaintiff cites *Hauskins v.*

*McGillicuddy*, 852 P.2d 1226 (Ariz. App. 1992), and *Nation v. Colla*, 841 P.2d 1370 (Ariz. App. 1991). These cases, however, address failure to comply with the notice of claim requirement, not failure to file a claim within the applicable statute of limitations. They also rely on an outdated version of the notice of claim statute. *See Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 630 (Ariz. App. 2010) ("Although excusable neglect once relieved compliance with the notice of claim statute, the Legislature eliminated that exception when it amended the statute in 1994.") (citations omitted).

While the statute of limitations is a procedural requirement that is "subject to waiver, estoppel, and equitable tolling," *Pritchard v. State*, 788 P.2d 1178, 1181 (Ariz. 1990), Plaintiff has not shown grounds for applying any of these doctrines. Plaintiff's bare implication that the untimely filing of his negligence claim was not due to his conduct, and that in any event his conduct would be excusable (*see* Doc. 31, at 9), is insufficient to overcome Defendant's statute of limitations defense. The Court will grant summary judgment in favor of Defendant on the state law negligence claim because it is untimely filed under A.R.S. § 12-821.

## B.    Section 1983 Claim.

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct of which he complains was committed by a person acting under color of state law, and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). Plaintiff has asserted a deprivation of his Fifth and Fourteenth Amendment rights.[1]  Doc. 1-1, at 24.

Plaintiff has no cause of action under the Fifth Amendment because Defendant is a local law enforcement official. A cause of action under § 1983 premised on the Fifth Amendment due process clause requires federal government action. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process

---

[1] Plaintiff also alleges violations of his rights under the Arizona Constitution. *See* Doc. 1-1, at 23. It is well settled, however, that § 1983 does not provide a remedy for violations of state law. *See, e.g.*, *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981).

clause only applies to the federal government.").

Nor does Plaintiff state a claim for violation of the Fourteenth Amendment. Negligence by a defendant acting under color of state law is insufficient to support a § 1983 claim.  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.") (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)); *see also Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (clarifying that *Daniels* applies to substantive, as well as procedural, due process).  Plaintiff does not make factual allegations that exceed ordinary negligence in his first amended complaint (Doc. 1-1, at 21-24), nor does he attempt to do so in his response to Defendant's motion for summary judgment (Doc. 31, at 9-10).  The Court will grant summary judgment in favor of Defendant on the § 1983 claim.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Doc. 29) is **granted**.
2. The Clerk is directed to terminate this action.

Dated this 18th day of June, 2012.

_____
David G. Campbell
United States District Judge

- 6 -